AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

FILED
DEC 3 0 2019
U.S. CLERK'S OFFICE
EVANSVILLE, INDIANA

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| ZLATKO MARIUS GALEATOVICI | ) | 3:19-mj- 144  MPB |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 28, 2019__ in the county of __Vanderburgh__ in the __Southern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 1029(a)(3) | Possession of Unauthorized Access Devices |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Michael Moore, Special Agent, USSS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/30/19

_____
*Judge's signature*

City and state: Evansville, Indiana    Matthew P. Brookman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT

I, Michael Moore, being duly sworn, declare and state:

## INTRODUCTION

1. I am a Senior Special Agent with the United States Secret Service ("USSS"). I have been a Special Agent for approximately 19 years, and am currently assigned to the Evansville Domicile Office. In my position as a Special Agent, I have many years of experience investigating financial crimes, including numerous investigations of access device schemes in violation of 18 U.S.C. § 1029.

2. This affidavit is submitted in support of an application for an arrest warrant for Zlatko Marius Galeatovici, herein GALEATOVICI, for offenses related to access device fraud.

3. This affidavit does not include every fact known to me about the underlying investigation, but rather only those facts that I believe are sufficient to establish the requisite probable cause. The information contained herein is based upon information provided to me by other law enforcement officers, as well as my personal observations.

## BACKGROUND ON ACCESS DEVICE SCHEMES

4. Pursuant to 18 U.S.C. § 1029 (a)(3), it is a violation of United States law to knowingly, and with intent to defraud, possesses fifteen or more devices which are counterfeit or unauthorized access devices.

5. An Access Device is defined by 18 U.S.C. § 1029 as any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain

1

money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds. Under this definition, both a credit card and debit cards are access devices

6. An Unauthorized access Device is defined by 18 U.S.C. § 1029 as any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.

7. Based upon my training and experience, I am familiar with various forms of access device fraud, in this instance more specifically described as debit card skimming. In general, a card 'skimmer' is placed over and/or into the card swipe mechanism on automatic teller machines (ATMs) or gas pumps. A skimmer is a device that can read the account number that is encoded on the back of a debit card. The perpetrators may also place a small, undetectable camera nearby to record the personal identification number (PIN) as it is entered into the ATM. This gives the fraud perpetrators all the information needed to make fraudulent debit cards and withdraw cash from the cardholder's bank account.

8. Frequently, the victims' debit card information is encoded onto an inconspicuous plastic card with a magnetic stripe. This is usually a gift card, but can be a hotel room key or even another credit card. Using the unauthorized access device, the offender will attempt to remove as much money from as many accounts as possible and will frequently run dozens of cards through the same ATM at one time. The most common Federal Reserve Note (FRN) dispensed by an ATM is the $20 Federal Reserve Note (FRN); many ATMS only dispense $20 FRNs.

## SUMMARY OF THE INVESTIGATION

9. On 12/28/19, Evansville Police (EPD) received a complaint from Old National Bank (ONB) that a bank security officer was watching an individual (via security camera) make multiple ATM withdrawal attempts with various unauthorized cards at the ONB branch located at

2121 West Franklin Street in Evansville, Indiana. EPD officers arrived, observed GALEATOVICI as he started to drive his vehicle out of the ATM lane, and detained him. ONB security personnel reviewed GALEATOVICI's photo and verified that the officers detained the correct person. ONB further advised they recorded images of GALEATOVICI making similar withdrawal's at other Evansville ONB branch bank locations from earlier in the day.

10. Officers made the following initial observations about the vehicle GALEATOVICI was using: a) the subject's vehicle did not display a license plate, b) the dashboard's vehicle identification number (VIN) was concealed by a black mark on the windshield, c) gift cards that were secured by a rubber band on the driver door's armrest, and d) cash and gift cards rested on the driver's side floor and under the driver's seat.

11. GALEATOVICI identified himself to EPD officers and myself as David L. Lakatos and supported his claim by providing officers two (2) Bank of America MasterCards and a Hungarian identity document all bearing the name David L. Lakatos. GALEATOVICI was later identified by a fingerprints from a prior visa application.

12. I performed an inventory search on the vehicle and located ten (10) ONB ATM receipts from the 2121 W. Franklin Street branch Bank, twenty (20) Walmart gift cards, and $5,517.00 in cash. $500 in cash came from under the driver's seat on the driver's floorboard, $517 came from GALEATOVICI's wallet, and $4,500 came from a gray Walmart shopping bag that was inside the glove box. The cash included two-hundred-seventy-five (275) $20 FRNs.

13. I examined the twenty (20) gift cards and observed that nineteen of the cards were encoded with an actual ONB debit account number. Attached to each card was a sticker with a four (4) digit and a three (3) digit number written on it. It's my experience that debit card

numbers alone are not useful to fraud perpetrators without the four (4) digit PIN or the three (3) digit security number. The numbers on the stickers are consistent with the standard PIN and security code numbers used in conjunction with account numbers. The twenty (20) gift cards were encoded with the following nineteen (19) unauthorized access device account numbers:

RE-ENCODED GIFT CARD
RECOVERED FROM VEHICLE

| # | Account Number Encoded Last Four | # | Account Number Encoded Last Four |
|---|---|---|---|
| 1 | 0716 | 11 | 2026 |
| 2 | 0716 | 12 | blank |
| 3 | 4788 | 13 | 0467 |
| 4 | 0716 | 14 | 0680 |
| 5 | 7032 | 15 | 4030 |
| 6 | 5239 | 16 | 8812 |
| 7 | 2304 | 17 | 1187 |
| 8 | 1663 | 18 | 5579 |
| 9 | 1925 | 19 | 6323 |
| 10 | 0138 | 20 | 0288 |

14. I examined the ten (10) below listed ONB ATM receipts and learned that they documented ten ATM withdrawal attempts on 12/28/19 at the ONB branch located at 2121 W. Franklin between 3:32pm to 3:52pm. Only one $500 withdrawal was successful. I believe this transaction was the source of the $500 in cash located under the driver's seat. I suspect that GALEATOVICI attempted to hide this cash as the EPD officers approached him. By matching the last four account numbers on each receipts against the aforementioned unauthorized account numbers encoded onto the gift cards, I learned that each receipt corresponded to unauthorized account numbers recovered from GALEATOVICI's vehicle.

4

RECEIPTS LOCATED WITHIN VEHICLE

|    | Date       | Time  | Card # | Withdraw | Successful | Location                             |
|----|------------|-------|--------|----------|------------|--------------------------------------|
| 1  | 12/28/2019 | 15:32 | 4030   | 500      | YES        | 2121 West Franklin ST, Evansville, IN |
| 2  | 12/28/2019 | 15:46 | 288    | 500      | NO         | 2121 West Franklin ST, Evansville, IN |
| 3  | 12/28/2019 | 15:46 | 288    | 500      | NO         | 2121 West Franklin ST, Evansville, IN |
| 4  | 12/28/2019 | 15:47 | 4788   | 500      | NO         | 2121 West Franklin ST, Evansville, IN |
| 5  | 12/28/2019 | 15:48 | 716    | 500      | NO         | 2121 West Franklin ST, Evansville, IN |
| 6  | 12/28/2019 | 15:49 | 1187   | 500      | NO         | 2121 West Franklin ST, Evansville, IN |
| 7  | 12/28/2019 | 15:50 | 716    | 200      | NO         | 2121 West Franklin ST, Evansville, IN |
| 8  | 12/28/2019 | 15:50 | 716    | 500      | NO         | 2121 West Franklin ST, Evansville, IN |
| 9  | 12/28/2019 | 15:51 | 716    | 300      | NO         | 2121 West Franklin ST, Evansville, IN |
| 10 | 12/28/2019 | 15:52 | 6332   | 500      | NO         | 2121 West Franklin ST, Evansville, IN |

15. After providing a list of the aforementioned nineteen (19) unauthorized access devices recovered from GALEATOVICI's vehicle, ONB personnel were able to link the devices to $11,440 in unauthorized ATM withdrawals between 12/21/19 and 12/28/19.

16. After I advised, GALEATOVICI of his Miranda Warning, he declined to be interviewed, however, he continued to claim to be David L. Lakatos until he was identified by fingerprints.

## CONCLUSION

17. Based upon my training and experience, and the facts and circumstances set forth in this affidavit, there is probable cause to believe that Zlatko Marius Galeatovici violated 18 U.S.C. § 1029 (a)(3) by possessing nineteen (19) unauthorized access devices with the intent to defraud.

Respectfully submitted,

_____
Michael Moore
Senior Special Agent
United States Secret Service

Sworn to and subscribed to before me this 30TH day of December 2019.

_____
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

6